550

## TREADWELL v. FAGAN.*
### No. 6905.

Circuit Court of Appeals, Fifth Circuit.

Feb. 1, 1934.

John H. Treadwell, of Arcadia, Fla., for appellant.

D. C. McMullen, of Tampa, Fla., for appellee.

Before BRYAN, SIBLEY, and WALKER, Circuit Judges.

BRYAN, Circuit Judge.

In January, 1930, the Florida Trust & Banking Company, a state bank, transferred its entire assets to the First National Bank of Arcadia, the consideration for the transfer being the national bank's agreement to assume and pay all the state bank's debts to depositors and other creditors. The following paragraphs of the agreement are here material:

"5. The National Bank agrees that it will proceed to collect and liquidate the notes and other assets delivered to it as collateral security in such manner and for such prices as in the judgment of the National Bank will

*Rehearing denied March 2, 1934.

be for the best interest of both banks. When, if and as the collection or liquidation of the assets pledged as security to the National Bank equal the amount of liabilities assumed by it, the National Bank shall return to the stockholders of the State Bank, in accordance with their respective rights and interests, all remaining unliquidated assets."

"6. The National Bank hereby assumes and agrees to pay all liabilities to depositors and all bills payable of the State Bank which appear on the condensed statement of the condition made the basis of this contract, but it does not assume the stockholders' liability of the State Bank under the law; it being understood and agreed that if the assets of the State Bank should not be sufficient to pay the liabilities so assumed on or before five years from date of transfer that the stockholders of the said bank would be liable for the difference up to an amount equal to their liability for a stock assessment under the laws of Florida."

In January, 1932, the national bank failed, and in July of the same year its receiver filed a bill of complaint against the state bank and those of its stockholders, including appellant, who had refused to pay amounts equal to their individual liability for stock assessments under the state law. The bill alleges that the agreement before being executed was ratified by the stockholders of the state bank; that as of its date the state bank's liability to depositors was $263,000 and upon bills payable $65,000, in round numbers; that by the sale of assets this total indebtedness had been reduced until there remained due upon it $139,000, which it is agreed has been still further reduced to $110,000 by the sale of all the remaining assets, pursuant to an order of the court entered since the suit was brought. Apparently the balance yet due is in excess of the amount that would be due by the stockholders upon a full assessment of 100 per cent. on the stock of the state bank. The bill prays for an accounting as against the state bank, and for a separate judgment against each individual stockholder thereof who was made a party defendant in an amount equal to the par value of his stock. Appellant moved to dismiss the bill in so far as he was concerned on the ground that its averments were not sufficient to entitle the complainant to any relief against him; but his motion was denied, and judgment as prayed for was entered against him.

In our opinion appellant's motion was good and should have been sustained. The

consideration for the transfer of all the state bank's assets was the agreement of the national bank to assume and pay off all the state bank's debts to its depositors and other creditors. If the assets of the state bank should prove to be more than sufficient to pay off all its debts, the excess was to be distributed among its stockholders; if they proved to be insufficient, its stockholders were to be liable for the difference up to an amount equal to the par value of their stock. The national bank was given the right under the contract to proceed against stockholders only in the event it should have paid all the debts of the state bank, and thereby relieved them of their statutory liability. Payment, not assumption only, was made a condition precedent to the right of the national bank to go against the stockholders of the state bank. The bill does not allege that the national bank had paid all the debts of the state bank, and it therefore, in our opinion, fails to disclose any right to a judgment against the stockholders who were made parties defendant. The case of Hightower v. American National Bank (C. C. A.) 276 F. 371, affirmed in 263 U. S. 351, 44 S. Ct. 123, 68 L. Ed. 334, relied on by appellee, is not in point; for there it appeared that the defendant bank had not only assumed, but had actually paid, all the debts of another bank which had transferred its entire assets to it. It was under these circumstances that the stockholders were held liable under an agreement similar to the one here involved.

The judgment against appellant is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.